IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CR-64 |
| ) | |
| RONALD THOMPSON-BEY, ) | (PHILLIPS/GUYTON) |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Motion of Defendant Ronald Thompson-Bey to Dismiss Due to Defective Indictment [Doc. 116], filed on September 1, 2009. The Court held a hearing on this motion on November 3, 2009. Assistant United States Attorney Tracy L. Stone represented the Government. Attorney David H. Dupree appeared on behalf of the defendant, who was also present.

The Defendant contends that he should be dismissed from the Superseding Indictment [Doc. 78] because it fails to allege that he committed any overt act in furtherance of the alleged conspiracy. The Government responds [Doc. 130] argues that it does not need to allege or prove an overt act in furtherance of a drug conspiracy. At the November 3 hearing, defense counsel explained that while the Government might not have to prove an overt act, *per se*, it does have to show that the Defendant participated in the agreement to commit the offense. He asserted that in the present

1

case, only the incident of February 19, 2009, which was the subject of the suppression motion, purports to tie the Defendant to the alleged conspiracy or to show that he was a part of a joint venture.

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting Hamling). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "'fully, directly, and expressly[.]'" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)); Landam, 251 F.3d at 1079. Moreover, the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" Hamling, 418 U.S. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487(1888)); Landam, 251 F.3d at 1079.

The elements of a drug conspiracy are: "'(1) an agreement to violate drug laws; (2) knowledge of and intent to join the conspiracy; and (3) participation in the conspiracy.'" United States v. Cox, 565 F.3d 1013, 1015 (6th Cir. 2009) (quoting United States v. Gardner, 488 F.3d 700, 710 (6th Cir. 2007)), cert. denied, 2009 WL 3422908. The Government does not have to prove an overt act in furtherance of the conspiracy. United States v. Deitz, 577 F.3d 672, 678 (6th Cir. 2009). Accordingly, the Defendant's contention that the indictment fails to charge him with an overt act

is unavailing.

> The First Superseding Indictment states as follows:
>
> The Grand jury charges that, from in [sic.] or about October 2008, and continuing until on or about May 15, 2009, in the Eastern District of Tennessee and elsewhere, the defendants, HOLLIE MINGIE, GREGORY BREEDEN, JAMES WILLIAMS, DEVON JOHNSON, RONALD THOMPSON-BEY, ESTHER ELIZABETH MCCALEB-PIPPINS, JONATHAN PAUL MCCALEB, JUSTIN MELSON, BRANDON BOWMAN, CORNEL THOMPSON, JR., and WENDY VANCE, did combine, conspire, confederate, and agree with each other and others to knowingly, intentionally, and without authority distribute, and possess with intent to distribute, one-hundred (100) grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B).

This indictment alleges that the Defendant and others agreed to violate the drug laws through the distribution of heroin and the possession of heroin with intent to distribute. The indictment sufficiently charges all of the elements of the offense of conspiracy.

The Defendant also contends that the only act connecting him to the case–his possession of heroin and Oxycontin on February 19, 2009, in Michigan–is the subject of a suppression motion. This Court has recommended for reasons set out fully in its Report and Recommendation [Doc. 170] that the evidence gained in the February 13, 2009 stop of the Defendant not be suppressed. The Defendant also argues that the Government's informant never linked him to any criminal activity and that all recorded buys took place after he was incarcerated in February 2009. The Court finds that these contentions do not relate to a defect in the indictment but, instead, challenge the sufficiency of the Government's evidence against the Defendant, which is a matter for the jury to determine at trial. See Fed. R. Crim. P. 12(b)(1) (providing that only matters that can be determined "without a trial of the general issue" are the appropriate subject of

3

a pretrial motion). Accordingly, the Court **RECOMMENDS** that the Motion of Defendant Ronald Thompson-Bey to Dismiss Due to Defective Indictment [**Doc. 116**] be **DENIED**.[1]

>Respectfully submitted,
>
>    s/ H. Bruce Guyton    
>United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).