IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-64 |
| | ) | |
| RONALD THOMPSON-BEY, | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28

U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District

Court as may be appropriate. This case is before the Court on the Motion of Defendant Ronald

Thompson-Bey to Reveal the Identity of Government's Confidential Source [Doc. 117], filed on

September 1, 2009. The Court held a hearing on this motion on November 3, 2009. Assistant

United States Attorney Tracy L. Stone represented the Government. Attorney David H. Dupree

appeared on behalf of the Defendant, who was also present.

The Defendant moves the Court to order the Government to reveal the identity of

confidential source number two ("CS2") referenced in Special Agent Andrew Chapman's affidavit

in support of the Criminal Complaint [Doc. 1]. He argues that knowledge of CS2's identity is

necessary to his defense in order for him to ascertain CS2's potential testimony before trial so that

he can (1) reconstruct CS2's contacts with the Defendant, (2) determine whether to call CS2 as a

witness, and (3) develop other witnesses to bolster or impeach CS2. He maintains that identification

would not endanger CS2 because the Defendant is presently incarcerated and has no history of

1

violent crimes.  At the November 3 hearing, defense counsel argued that identification of CS2 is

necessary for the defense to confront and cross-examine the informant as guaranteed by the Sixth

Amendment's Confrontation Clause.  Moreover, he contends that knowledge of CS2's identity is

essential to a fair trial because the Defendant presently has no details regarding the interactions with

CS2 that are alleged in Chapman's affidavit.

The Government responds [Doc. 130] that it has a privilege not to disclose the

identity or location of confidential informants.  Although it acknowledges that this privilege is not

absolute, the Government argues that the Defendant has failed to show that knowledge of the

informant's identity is essential to his defense.  In this regard, it states that identification of this

informant is not necessary because he or she was not a participant in the crime.  Additionally, it

asserts that the Defendant has made no specific showing as to necessity, but only generally asserts

that this witness's testimony could be useful.  At the hearing, AUSA Stone argued that revealing

CS2's identity would deter other potential informants from assisting law enforcement and would

raise "safety issues."

As a general rule, the government is not required to disclose the names of its

witnesses before trial.  See United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied,

510 U.S. 903 (1993); United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984); see also United

States v. Dark, 597 F.2d 1097, 1099 (6th Cir.), cert. denied, 444 U.S. 927 (1979).  With regard to

the identities of confidential informants, the Supreme Court has recognized what has become known

as the informer's privilege:

> What is usually referred to as the informer's privilege is in reality
> the Government's privilege to withhold from disclosure the identity
> of persons who furnish information of violations of law to officers
> charged with enforcement of that law.  The purpose of the privilege

is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

Roviaro v. United States, 353 U.S. 53, 59 (1957) (citations omitted).

This privilege is limited by the requirement that criminal trials be fundamentally fair. Id. at 60. In other words, the informer's privilege must yield when the informant's identity is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." Id. at 60-61. This determination is subject to a case-by-case balancing of "the public interest in protecting the flow of information against the individual's right to prepare his defense." Id. at 62. In performing this balancing, the court should consider among other factors the charges, the potential defenses, and the significance of the informer's testimony. Id. The Court of Appeals for the Sixth Circuit has held that danger to the life of the informant is entitled to significant weight in the balance. United States v. Jackson, 990 F.2d 251, 255 (6th Cir. 1993).

To compel the disclosure of the identity of a confidential informant, a defendant must do more than speculate that knowing that identity would be helpful to his or her defense. See United States v. Moore, 954 F.2d 379, 381 (6th Cir. 1992) (holding that "[m]ere invocation of [one's due process rights] does not automatically outweigh the public interest in protecting confidential informants"). "An informant must be disclosed only upon a showing by the defendant that disclosure is essential to a fair trial." Id. A court may require disclosure if it finds that the informant's provision of relevant testimony, which is material to the defense, is "reasonably probable." United States v. McManus, 560 F.2d 747, 751 (6th Cir.), cert. denied, 434 U.S. 1047 (1978). Once the defendant has made this initial showing, if the evidence reveals that "that it is

3

reasonably probable that the informer can give relevant testimony, the burden should be on the Government to overcome this inference with evidence that the informer cannot supply information material to the defense." United States v. Eddings, 478 F.2d 67, 71 (6th Cir. 1973); see also United States v. Sharp, 778 F.2d 1182, 1187 (6th Cir. 1985) (observing that the defendant bears the initial burden of showing that the informant's identity is relevant to his defense).

The Government contends that disclosure of the informant's identity is not required when the informant did not participate in the crime. In the present case, the Defendant is charged with conspiring to distribute heroin from October 2008 through May 15, 2009. Special Agent Chapman's affidavit relates that in March 2009, CS2 told law enforcement "that he had been receiving heroin from [an] individual[] who he knew as 'Ronnie,' . . . [and he] later identified 'Ronnie' as Thompson-Bey[.]" Also, "CS2 estimated that he has received approximately seventy-five (75) packets of heroin since late-2008 by contacting Thompson-Bey" and others. Although the affidavit does not reflect that CS2 purchased heroin from the Defendant in a controlled buy, the Court finds that CS2 claimed to have obtained heroin from the Defendant during the time frame of the charged crime, which alleges distribution of heroin beginning in October 2008.

In balancing a defendant's need for the informant's identity against the public interest in protecting the flow of information, courts have looked to the informant's degree of involvement in the charged offenses. Courts are more likely to require disclosure when the informant is a "key witness," who has arranged and participated in an illegal transaction, than when the informant merely gives officers a tip that proves helpful in securing a search warrant. United States v. Lloyd, 400 F.2d 414, 416 (6th Cir. 1968); Sharp, 778 F.2d at 1186 n.5 (noting that disclosure is usually required when an informant is an "active participant in the events underlying the defendant's

4

potential criminal liability" and usually not required when the informant is a "mere tipster or introducer"); see, e.g., McManus, 560 F.2d at 751 (affirming the denial of disclosure when the informant was not a direct participant in the drug transaction). When the informant "participated in the illegal transaction . . . , the courts have more often required disclosure of the identity of the informer." Lloyd, 400 F.2d at 416. Based upon Special Agent Chapman's affidavit, the Court finds that CS2 actively participated in the events giving rise to the conspiracy charge by obtaining heroin from the Defendant during the relevant time frame. Although this transaction (or transactions) was not a controlled buy, the Court finds that this conduct would form a basis for the Defendant's participation in the charged conspiracy.

The Government also argues that disclosure of the informant's identity is not warranted because the Defendant has failed to meet his burden of showing that disclosure is essential to a fair trial. At the November 3 hearing, defense counsel argued that he needed to know the identity of CS2 so that he can question him about the particular incidents to which the affidavit alludes and can prepare to cross-examine him at trial. The Government argued that this "mere conjecture or supposition about relevancy" of the informant's testimony was insufficient to merit disclosure of the informant's identity. Our appellate court has deeemed the argument that an informant's identity is necessary so that the defendant can prepare for cross-examination to lack "sufficient gravity" to merit pretrial disclosure. United States v. Davis, No. 89-5367, 1989 WL 134194, at *2 (6th Cir. Nov. 8, 1989), cert. denied, 494 U.S. 1036 (1990). Indeed, the Court notes that the need to prepare for cross-examination would be present in virtually every case involving a confidential informant.

The fact that an informant is the only other person with knowledge about a drug

5

transaction does weigh in favor of disclosure.  See Roviaro, 353 U.S. at 64 (observing that the government's informant and the defendant were the sole participants in the transaction and that the "informer was the only witness in a position to amplify or contradict the testimony of government witnesses").  The informant's participation alone, however, is insufficient if the defendant cannot specifically link the informant's testimony to his defense.  United States v. Bryant, Nos. 90-1831 and 90-1836, 1991 WL 256555, at *5-6 (6th Cir. Dec. 2, 1991).  In Bryant, the defendant showed that the informant was an active participant in the charged drug transactions, but he did not contend that the informant's testimony was necessary to any specific defense.  Id. at *5.  Instead, Bryant merely wanted to interview the informant to learn whether the informant could help his defense.  Id. "Mere speculation about the possible usefulness of an informant furnishes a court with nothing to balance against maintenance of the privilege."  Id.  The court held that

> [a]lthough the informant's role as an active participant, as opposed to a mere tipster, is a factor relevant to Roviaro balancing, under the circumstances of this case it adds no real weight to the balance, since defendant has not demonstrated how that is significant to his defense, from an evidentiary point of view.  To say that role should tip the balance under the circumstances of this case would be to assign to it the preclusive effect of a *per se* rule. This we are unwilling to do, in view of the previous case law of this circuit.

Id. at *6.  Likewise, in the present case, the Defendant has not demonstrated to the Court the way in which the informant's testimony would be significant to his defense.  Accordingly, the Court has no basis to find that knowledge of the informant's identity is necessary to his defense.

Finally, against the Defendant's need to know the informant's identity is the potential danger to the informant from disclosure.  The Government's sole statement with regard to the danger to CS2 came at the November 3 hearing when AUSA Stone stated that sound policy reasons exist to deny disclosure of the informant's identity, namely that revealing the identity of the informant

6

"would be a strong deterrent for other informants coming forward and assisting law enforcement, as well as safety issues." The Government's three and one-half page response [Doc. 130] does not mention the issue of danger to the informant. The Defendant argues that the informant's safety would not be compromised because he is presently incarcerated and has no past history of violent crimes. The Court observes that Codefendant Jonathan Paul McCalebb, whom the affidavit names as participating in a controlled buy with CS2,, is also detained pretrial. On the other hand, the Defendant's wife Esther Elizabeth McCalebb-Pippins, whom the affidavit reveals also engaged in heroin transactions with CS2, is not. Four other codefendants have also been released pretrial. McCalebb-Pippins and these four defendants were warned about the legal consequences of threatening or tampering with a potential witness in their orders of release on conditions. Based upon the sparse record before it, the Court does not find the danger to CS2 to be particularly great.

In balancing the policy behind the informer's priviledge against the Defendant's generalized need to know the informant's identity, the Court concludes that the balance tips in favor of the privilege, even in light of the limited nature of the apparent danger to the informant from disclosure in this case. The Motion of Defendant Ronald Thompson-Bey to Reveal the Identity of Government's Confidential Source [**Doc. 117**] is **DENIED.**

       **IT IS SO ORDERED.**

                      ENTER:

                           s/ H. Bruce Guyton
                        United States Magistrate Judge